0449-14116-1257

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DAWN HYVER and LAUREN HEZEAU** | * | **CIVIL ACTION** |
| | * | |
| | * | **NO.** |
| **VERSUS** | * | |
| | * | **SECTION " "** |
| | * | |
| | * | |
| **ELMER SMITH, III, OOIDA RISK** | * | |
| **RETENTION GROUP, INC.,** | * | |
| **KAREN DARGANS D/B/A DICE** | * | |
| **TRANSPORTATION** | * | **MAGISTRATE** |
| | * | **DIVISION ( )** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \***\*\*\***

## <u>NOTICE OF REMOVAL</u>

**PLEASE TAKE NOTICE** that defendants, Elmer Smith and OOIDA Risk Retention Group, Inc., hereby timely remove this matter from the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, in which it is now pending, to the United States District Court for the Eastern District of Louisiana, pursuant to U.S.C. §§ 1332, 1441, 1446, et seq.  Original jurisdiction lies with this Court because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity among the plaintiffs and all defendants.

I.

On December 21, 2021, the plaintiff filed the attached Petition for Damages, commencing a civil action in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, entitled *Dawn Hyver and Lauren Hezeau v. OOIDA Risk Retention Group, Inc., Karen Dargans D/B/A Dice Transportation and Elmer Smith, III*, bearing civil action number 21-1647 on the

docket of Division A. A copy of said Petition for Damages is attached and made part of this Notice of Removal as Exhibit "A."

II.

The Petition for Damages acknowledges that the defendant, OOIDA Risk Retention Group, Inc., is a foreign risk retention group authorized to do and doing business in this Parish and State. OOIDA Risk Retention Group, Inc. is a corporation formed under the laws of the State of Vermont with its principal place of business in the State of Missouri. As such OOIDA Risk Retention Group, Inc., is a resident and citizen of the States of Vermont and Missouri for the purposes of diversity jurisdiction.

III.

The Petition for Damages acknowledges that the defendant, Karen Dargans D/B/A Dice Transportation, was a person of the full age and majority and was a resident of the city of Spring, State of Texas. As such, Karen Dargans D/B/A Dice Transportation was a resident and citizen of the State of Texas for purposes of diversity jurisdiction.

IV.

The Petition for Damages acknowledges that the defendant, Elmer Smith, III, is a person of the full age and majority and domiciled in the City of Houston, State of Texas. As such, Elmer Smith, III is a resident and citizen of the State of Texas for purposes of diversity jurisdiction.

V.

The plaintiff, Dawn Hyver, alleges in the Petition for Damages that she is a person of the full age of majority and resident of the State of Louisiana who has suffered injuries to her neck, back and body. As a result of these alleged injuries, the plaintiff is seeking damages for past, present and future medical expenses; past, present and future physical pain and suffering; past,

present and future mental anguish; property damage and/or property damage deductible; rental car expenses and loss of enjoyment of life.

VI.

On or about June 10, 2022, defendant received for the first time a diagnostic medical report regarding a CT and X-Rays of Dawn Hyver's lumbar spine which revealed lumbar radiculopathy, scoliosis of the lumbar spine and spondylolisthesis at the L5-S1 level. Further tests and treatments have been ordered which include an Interventional Radiology procedure, an Electromyography and an epidural steroid injection at the L4-L5 region as well as bilateral facet injections at the L3-L4, L4-L5 region. Defendant has not received results or invoices for these tests and procedures.

VII.

The medical records and bills produced to date indicate that the plaintiff Dawn Hyver has incurred in excess of $8,800.00 in medical expenses to date and is continuing to seek medical treatment as of this time. Such medical treatment has been ongoing for more than one year and does not yet include certain procedures recently or yet to be performed.  Accordingly, Petitioner shows to a degree of legal certainty that the amount in controversy for the claims of the plaintiffs exceed the jurisdictional minimum of $75,000.00 of this Court for the purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332.

VIII.

In addition, the second plaintiff, Lauren Hezeau, alleges in the Petition for Damages that she is a person of the full age of majority and resident of the State of Louisiana. This plaintiff alleges that she was a passenger in the same vehicle in which Dawn Hyver was driving when the underlying motor vehicle accident occurred and has suffered injuries to her neck, back and body arising out of same. As a result of these alleged injuries, this  plaintiff is seeking damages for past,

present and future medical expenses; past, present and future physical pain and suffering; past, present and future mental anguish and loss of enjoyment of life. As such, pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Lauren Hezeau's claim as that claim arises out of the same core of operative facts, and therefore forms part of the same case or controversy.

IX.

This suit is civil in nature and is one over which this Court has original jurisdiction and is one over which the district courts of the United States are given original jurisdiction on the grounds on diversity of citizenship pursuant to 28 U.S.C.§ 1332. *See also, Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546, 549 (2005) (the Supreme Court held that "where the other elements of jurisdiction are present, and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, [28 U.S.C.] § 1367 does authorize supplemental jurisdiction over the claims of the other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction.").

XII.

A copy of the Notice of Removal is also being filed with the clerk of the state district court in which this cause was originally filed.

XIII.

Pursuant to 28 U.S.C. §1447(b), copies of all process, pleadings and orders from the state court proceeding and served upon defendants, OOIDA Risk Retention Group, Inc., Karen Dargans D/B/A Dice Transportation and Elmer Smith, III, are attached hereto.

XIV.

This Notice of Removal is filed on behalf of defendants, OOIDA Risk Retention Group, Inc. and Elmer Smith, III, who are two of the defendants of record at this time, and that on information and belief, the remaining defendant, Karen Dargans, is deceased.

XV.

Thirty days have not elapsed since defendants first received the medical report relating to Dawn Hyver's diagnoses and procedures and from which it was first ascertainable that the amount in controversy exceeds $75,000.00 and therefore, that this case is removable.

**WHEREFORE**, petitioner prays that this Notice of Removal be accepted as good and sufficient and that the aforesaid action pending against it in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, be removed therefrom to this Court.

Respectfully submitted:

/s/ Evan Park Howell III

ALAN J. YACOUBIAN (#17213)
CHRISTOPHER M. G'SELL (#26290)
EVAN PARK HOWELL III (#18957)
JOHNSON, YACOUBIAN & PAYSSE
701 Poydras Street, Suite 4700
New Orleans, Louisiana 70139-7708
Telephone: (504) 528-3001
Facsimile: (504) 528-3030
Email:   ajy@jyplawfirm.com
         cmg@jyplawfirm.com
         chowell@jyplaw.com
Attorneys for defendants, Elmer Smith, III, and
OOIDA Risk Retention Group, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of July, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service. I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, if any, by e-mail, fax and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

Lillie E. Joyce, Esq.
Warren A. Forstall, Jr., Esq.
Law Offices of Warren A. Forstall, Jr., LLC
329 N. Carrollton Avenue, Suite 200
New Orleans, LA 70119
*Counsel for Dawn Hyver and Lauren Hezeau*


*/s/ Evan Park Howell, III*