## 34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

### STATE OF LOUISIANA

NO. 21-1647            DIVISION A

### DAWN HYVER AND LAUREN HEZEAU

### VERSUS

### OOIDA RISK RETENTION GROUP, INC., KAREN DARGANS D/B/A DICE TRANSPORTATION AND ELMER SMITH, III

FILED: __DEC 21 2021__      _Randy S. Nunc_
1:55pm                           DEPUTY CLERK

### PETITION FOR DAMAGES

The petition of Dawn Hyver, a person of the full age of majority and domiciled in the Parish of St. Bernard, State of Louisiana and Lauren Hezeau, a person of the full age of majority and domiciled in the Parish of St. Bernard, State of Louisiana, who aver as follows:

1.

The defendants in this matter are:

A. Ooida Risk Retention Group, Inc, a foreign risk retention group authorized to do and doing business in this Parish and State;

B. Karen Dargans d/b/a Dice Transportation, a foreign business authorized to do and doing business in this Parish and State; and

C. Elmer Smith, III a person of the full age of majority and domiciled in the City of Houston, State of Texas;

who are liable to the Plaintiffs for reasonable damages for the following:

2.

On or about January 4, 2021, plaintiff, Dawn Hyver, was driving on Paris Road at or near its intersection with E. Solidelle Street in Chalmette, Louisiana with co-plaintiff, Lauren Hezeau as a guest passenger. Without warning, a vehicle driven by defendant, Elmer Smith, III, improperly changed lanes, side-swiped and struck the plaintiffs' vehicle, causing injuries and damages to the plaintiffs. The defendant, Elmer Smith, III, then fled the scene of the collision at issue.

3.

Pursuant to Louisiana Code of Civil Procedure Article 893, the Plaintiffs states that their individual damages may exceed the specific amount of damages necessary to establish the right to

1

a jury trial. Plaintiffs, however, reserve their rights to supplement and/or amend this paragraph of this Petition, as the nature and/or extent of their injuries and resultant damages may change.

4.

At all relevant times, the defendant, Ooida Risk Retention Group, Inc, was the automobile risk retention group insurer for the defendants, Karen Dargans d/b/a Dice Transportation and Elmer Smith, III.

5.

At the time of the accident, the defendant driver, Elmer Smith, III, was employed by and acting within the course and scope of his employ with defendant, Karen Dargans d/b/a Dice Transportation, and as such defendant, Karen Dargans d/b/a Dice Transportation, is vicariously liable for the acts and/or omissions of negligence of defendant driver, Elmer Smith, III.

6.

As a result of the accident, Plaintiff, Dawn Hyver, was caused personal injuries.

7.

As a result of the accident, Plaintiff, Lauren Hezeau, was caused personal injuries

8.

The above-described accident and ensuing injuries to the Plaintiffs were caused by no fault of their own, but were caused by the negligence of the defendant, Elmer Smith, III, in the following, but not necessarily exclusive, acts of negligence:

    A.    Failure of the defendant driver to maintain proper control of the vehicle;

    B.    Failure of the defendant driver to maintain a proper lookout;

    C.    Failure of the defendant driver to avoid striking another vehicle;

    D.    Failure of the defendant driver to drive in a careful manner;

    E.    Failure of the defendant driver to use reasonable vigilance;

    F.    Improper lane usage;

    G.    Improper passing;

    H.    Failure of the defendant driver to obey the traffic laws of the Parish of St. Bernard, State of Louisiana, which are pleaded herein by reference; and

    I.    Any and all other acts of negligence that may be proved at trial.

9.

The Plaintiff, Dawn Hyver, itemizes her damages as follows:

A. Past, present, and future physical pain and suffering;

B. Past, present, and future mental anguish;

C. Past, present, and future medical expenses;

D. Property damage and/or property damage deductible;

E. Rental car expenses;

F. Loss of enjoyment of life; and

G. Any and all other damages that may be proved at trial.

10.

The Plaintiff, Lauren Hezeau, itemizes her damages as follows:

A. Past, present, and future physical pain and suffering;

B. Past, present, and future mental anguish;

C. Past, present, and future medical expenses;

D. Loss of enjoyment of life; and

E. Any and all other damages that may be proved at trial

11.

The Plaintiffs request service of citation on the named defendants.

12.

The Plaintiffs aver amicable demand without avail.

13.

PLEASE TAKE NOTICE that undersigned counsel for the Plaintiffs, Dawn Hyver and Lauren Hezeau, requests written notice of the date set for trial of the above-numbered and entitled cause, as well as notice of all hearings, (whether on the merits or otherwise), orders, judgments, and/or interlocutory decrees, and any and all formal steps taken by the parties herein, the Judge, or any member of the Court or Clerk of Court's office, as provided in the Louisiana Code of Civil Procedure articles 1572, 1913, and 1914.

14.

WHEREFORE, the Plaintiffs pray that the defendants, Ooida Risk Retention Group, Inc, Karen Dargans d/b/a Dice Transportation and Elmer Smith, III be duly served and cited to appear

and answer this Petition, all as provided by law; that after all legal delays and proceedings are had, there be judgment jointly, severally, and *in solido* against the defendants, Ooida Risk Retention Group, Inc, Karen Dargans d/b/a Dice Transportation and Elmer Smith, III, and in favor of the Plaintiffs for reasonable damages, with legal interest from the date of judicial demand until paid, and for all costs of these proceedings, along with such other relief as law, equity, and the nature of this case may require.

Respectfully submitted:

LILLIE E. JOYCE (#33916)
WARREN A. FORSTALL, JR. (#5717)
LAW OFFICES OF WARREN A. FORSTALL, JR., LLC
320 N. Carrollton Avenue, Suite 200
New Orleans, LA  70119
Telephone:	(504)  483-3400
Facsimile:	(504)  483-3447
Email:	ljoyce@chipforstall.com
*Attorneys for Plaintiffs, Dawn Hyver and Lauren Hezeau*

## PLEASE SERVE THE PETITION FOR DAMAGES AND THE FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION TO THE FOLLOWING:

1. Ooida Risk Retention Group, Inc.
   through its registered agent for service of process:
   Louisiana Commissioner of Insurance
   1702 N. 3rd Street
   Baton Rouge, LA 70804

## PLEASE SERVE WITH THE PETITON FOR DAMAGES:

2. Karen Dargans d/b/a Dice Transportation
   Through the Louisiana Long Arm Statute
   21327 Greengate Drive
   Spring, TX 77388

3. Elmer Smith, III
   Through the Louisiana Long Arm Statute:
   6727 Seeger Trail Drive
   Houston, TX 77045

4

## 34™ JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

### STATE OF LOUISIANA

NO: 2021-1647                                        DIVISION "A"

### DAWN HYVER AND LAUREN HEZEAU

### VERSUS

### OOIDA RISK RETENTION GROUP, INC., KAREN DARGANS D/B/A DICE TRANSPORTATION AND ELMER SMITH, III

FILED: **FEB 0 3 2022**

_____
DEPUTY CLERK

**FILED**
FEB 0 3 2022
/S/ SHELBY A. ADAMS
DEPUTY CLERK OF COURT
ST. BERNARD PARISH

### AFFIDAVIT OF SERVICE

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared:

### LILLIE E. JOYCE

with the firm of WARREN A. FORSTALL, JR., Attorney for Plaintiff, who after being deposed and sworn, did state the following:

That a certified copy of the Petition for Damages in the above entitled and numbered case was served on defendant, ELMER SMITH, III, pursuant to the Louisiana Long Arm Statute, by mailing same by Certified mail, Return Receipt Requested, on January 6, 2022 to the address at, 6727 Seeger Trail Dr., Houston, TX 77045 and that defendant, ELMER SMITH, III, received said suit and citation on January 18, 2022 as per copy of Return Receipt attached hereto as Exhibit "A".

New Orleans, Louisiana, this __1ˢᵗ__ day of __FEBRUARY__ 2022.

_____
LILLIE E. JOYCE
ljoyce@chipforstall.com

Sworn to and
subscribed before me
this __1ˢᵗ__ day of
__FEBRUARY__, 2022.

_____
NOTARY PUBLIC

DELANEY P. SHEA
NOTARY PUBLIC
STATE OF LOUISIANA
LSBA NO. 39337
MY COMMISSION IS ISSUED FOR LIFE

Case 2:22-cv-02032-NJB-DMD   Document 1-1   Filed 07/01/22   Page 6 of 20

**U.S. Postal Service CERTIFIED MAIL RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

7018 3090 0002 1973 3616

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)    $ _____
☐ Return Receipt (electronic)  $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required     $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage
$

Total Postage and Fees
$

Sent To Elmer Smith, III
Street and Apt. No., or PO Box No. 6727 Seegar Trail Dr.
City, State, ZIP+4® Houston, TX 77045

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

KKR: 9332

**FILED**

FEB 0 3 2022

_Conni Brown_
CH. DEPUTY CLERK

---

**SENDER: COMPLETE THIS SECTION**

☒ Complete items 1, 2, and 3.
☒ Print your name and address on the reverse so that we can return the card to you.
☒ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Elmer Smith, III
6727 Seegar Trail Dr.
Houston, TX 77045

9590 9402 4614 8323 6708 66

2. Article Number (Transfer from service label)
7018 3090 0002 1973 3616

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt


EXHIBIT A

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)         $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $

Postmark Here

KKR: 9332

Postage
$

Total Postage and Fees
$

Sent To: Elmer Smith, III
Street and Apt. No., or PO Box No.: 6727 Seeger Trail Dr.
City, State, ZIP+4: Houston, TX 77045

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7018 3090 0002 1973 3616

FILED
FEB 03 2022
Carol Briner
C.H. DEPUTY CLERK

---

**SENDER: COMPLETE THIS SECTION**
■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Elmer Smith, III
6727 Seeger Trail Dr.
Houston, TX 77045

9590 9402 4614 8323 6708 66

2. Article Number (Transfer from service label)
7018 3090 0002 1973 3616

**COMPLETE THIS SECTION ON DELIVERY**
A. Signature
X _____
☐ Agent
☐ Addressee

B. Received by (Printed Name)       C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt


EXHIBIT A

0449-14116-320

## 34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

### STATE OF LOUISIANA

No.: 21-1647                                                                                    DIVISION "A"

### DAWN HYVER AND LAUREN HEZEAU

### VERSUS

### OOIDA RISK RETENTION GROUP, INC., KAREN DARGANS D/B/A DICE TRANSPORTATION AND ELMER SMITH, III

FILED: _____FEB 15 2022_____          _____/S/ SHELBY A. ADAMS_____
                                                                                  DEPUTY CLERK

### DEFENDANTS' ANSWER TO PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Elmer Smith and OOIDA Risk Retention Group, Inc., sought to be made defendants herein, who for answer to the Petition for Damages of plaintiffs, Dawn Hyver and Lauren Hezeau, respectfully represents:

### FIRST DEFENSE

The original Petition for Damages fails to state a right or cause of action against this defendant upon which relief can be granted.

### SECOND DEFENSE

Defendants object to the jurisdiction and venue of this Court and denies that proper service has been made.

### THIRD DEFENSE

The original Petition for Damages is barred by the applicable period of prescription and/or statute of limitations and/or laches.

### FOURTH DEFENSE

And now, without waiving any of the foregoing defenses, defendants answer the allegations of the Petition for Damages, categorically and by paragraph:

**1.**

The allegations contained in Paragraph 1 are denied as written.

**2.**

The allegations contained in Paragraph 2 are denied.

**3.**

The allegations contained in Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

**4.**

It is admitted that certain certificates, policies, and/or evidence of insurance were issued by OOIDA Risk Retention Group, Inc. to Karen Dargans d/b/a Dice Transportation. Defendants aver that certain certificate, policies, and/or evidence of insurance are the best evidence of their own contents. Defendants further plead said certificates, policies, and/or evidence of insurance and their terms, exclusions, conditions, endorsements, and limitations as if set forth herein, in extenso. Furthermore, the plaintiffs have no right to proceed directly against OOIDA in this suit as OOIDA is a foreign risk retention group created pursuant to the risk retention amendment of 1986, 15 U.S.C. § 3901, et seq. As such, the federal statute prevents the application of the Louisiana Direct Action Statute, LSA-R.S. 22:1269, in this suit. Except as specifically admitted, the remaining allegations contained in Paragraph 4 are denied as written.

**5.**

The allegations contained in Paragraph 5 contain conclusions of law that require no answer; however, to the extent that a response is required, the allegations are denied.

**6.**

The allegations contained in Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

**7.**

The allegations contained in Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

**8.**

The allegations contained in Paragraph 8 are denied.

**9.**

The allegations contained in Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

**10.**

The allegations contained in Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

**11.**

The allegations contained in Paragraph 5 contain conclusions of law that require no answer; however, to the extent that a response is required, the allegations are denied.

**12.**

The allegations contained in Paragraph 12 are denied.

**13.**

The allegation contained in Paragraph 13 contain conclusions of law that require no answer; however, to the extent that a response is required, the allegations are denied.

**14.**

The allegations contained in Paragraph 14 contain the prayer that requires no answer; however, to the extent that a response is required, the allegations are denied.

### FIFTH DEFENSE

Defendants deny the allegations of any unnumbered or misnumbered paragraphs and any allegations contained in the Petition for Damages which have not heretofore been addressed as well as those allegations contained in the prayers for relief.

### SIXTH DEFENSE

While at all times specifically denying any and all fault, negligence and/or responsibility, defendants allege and aver that any damages and/or losses and/or expenses incurred by the plaintiffs as caused by the plaintiffs' own fault, neglect, negligence and/or assumption of risk and recovery herein is defeated or mitigated.

### SEVENTH DEFENSE

Defendants further specifically allege and aver that any damages allegedly sustained by the plaintiffs were solely and proximately the result of the plaintiffs' voluntary assumption of known

risks, dangers and/or hazards, all of which were plainly observable, obvious and well known to plaintiffs, and, therefore, plaintiffs are now estopped from claiming the right of recovery whatsoever against this defendant for any alleged injuries and/or damages allegedly sustained by the plaintiffs.

### EIGHTH DEFENSE

Defendants allege and aver that any injuries and/or damages allegedly sustained by plaintiffs as alleged in the Petition for Damages were caused by the negligence and/or fault of other persons and/or entities for whom the defendant is in no way responsible.

### NINTH DEFENSE

In the further alternative, and only in the event that plaintiffs establish liability on the part of the defendants or any other party for whom they would be responsible, which is specifically denied, defendants aver that the plaintiffs were contributorily and comparatively negligent and recovery herein is defeated or mitigated.

### TENTH DEFENSE

In the further alternative, defendants allege and aver that the plaintiffs have failed to mitigate their alleged damages and recovery herein is defeated or mitigated.

### ELEVENTH DEFENSE

In the further alternative, the circumstances presented by the actions of plaintiffs constituted a sudden emergency and/or unanticipated hazard that could not have been reasonably avoided, which was solely caused by the negligence of persons other than this defendant.

### TWELFTH DEFENSE

In the further alternative, defendants aver that the circumstances presented the plaintiffs with the last clear chance to avoid the subject accident.

### THIRTEENTH DEFENSE

In accordance with LSA-R.S. 32:866 (A)(1), to the extent the plaintiffs have failed to own or maintain compulsory motor vehicle liability security, the plaintiffs shall not recover for the first fifteen thousand dollars ($15,000.00) of bodily injury, nor for the first twenty-five thousand dollars ($25,000.00) of property damage based on any cause or right of action arising out of an alleged motor vehicle accident; and as provided in LSA-R.S. 32:866 (C), to the extent the plaintiffs have failed to own or maintain compulsory motor vehicle liability security, and if the plaintiffs are awarded an amount equal to or less than the minimum amount of compulsory motor vehicle

liability security, then the plaintiffs shall be assessed and held liable for all court costs incurred by defendants to this suit.

## FOURTEENTH DEFENSE

Defendants reserves the right to supplement and amend these pleadings as necessary.

## DEMAND FOR JURY TRIAL

Defendants are entitled to and demand a trial by jury.

**WHEREFORE**, the premises considered, defendants, Elmer Smith and OOIDA Risk Retention Group, Inc., pray that this, their Answer to the Petition for Damages of the plaintiffs, Dawn Hyver and Lauren Hezeau, be deemed good and sufficient, and that after due proceedings are had, there be judgment herein in defendants' favor and against plaintiffs, dismissing plaintiffs' suit at their cost, and that defendants be granted such other and further relief as equity and the justice of the cause may require and permit.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by e-mail, facsimile transmission, and/or by depositing same in the U.S. Mail, postage pre-paid and properly addressed, this 14th day of February, 2022.

Respectfully submitted:

ALAN J. YACOUBIAN (#17213)
CHRISTOPHER M. G'SELL (#26290)
JOHNSON, YACOUBIAN & PAYSSE
701 Poydras Street, Suite 4700
New Orleans, Louisiana 70139-7708
Telephone: (504) 528-3001
Facsimile: (504) 528-3030
Email: ajy@jyplawfirm.com
        cmg@jyplawfirm.com
Attorneys for defendants, *Elmer Smith and OOIDA Risk Retention Group, Inc.*

0449-14116-320

**34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD**

**STATE OF LOUISIANA**

No.: 21-1647                                                                  DIVISION "A"

**DAWN HYVER AND LAUREN HEZEAU**

**VERSUS**

**OOIDA RISK RETENTION GROUP, INC.,
KAREN DARGANS D/B/A DICE TRANSPORTATION AND ELMER SMITH, III**

FILED: __FEB 15 2022__               __/S/ SHELBY A. ADAMS__
                                                                   **DEPUTY CLERK**

### REQUEST FOR NOTICE

TO:  34th Judicial District Court
     Parish of St. Bernard
     P.O. Box 1746
     Chalmette, LA 70043

Pursuant to Article 1572 of the Louisiana Code of Civil Procedure, undersigned counsel for defendants, Elmer Smith and OOIDA Risk Retention Group, Inc., requests written notice by mail at least ten (10) days in advance of the date fixed for any trial or hearing in the above-captioned matter, whether exceptions, rules, on the merits thereof, or any assignment of fixing of said case.

Also, in accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, undersigned counsel for defendants, Elmer Smith and OOIDA Risk Retention Group, Inc., request immediate notice of any final judgment, rendition of any interlocutory orders, judgment or decrees and any and all formal steps taken by the parties, the Judge or any member of the Court in the above-entitled and numbered cause.

This Request for Written Notice is made with full reservation of all rights.

[SIGNATURE BLOCK APPEARS ON FOLLOWING PAGE]

| **CERTIFICATE OF SERVICE** | Respectfully submitted: |
|---|---|
| I hereby certify that a copy of the above and foregoing has been served on all counsel of record by e-mail, facsimile transmission, and/or by depositing same in the U.S. Mail, postage pre-paid and properly addressed, this 14th day of February, 2022. | _____<br>ALAN J. YACOUBIAN (#17213)<br>CHRISTOPHER M. G'SELL (#26290)<br>JOHNSON, YACOUBIAN & PAYSSE<br>701 Poydras Street, Suite 4700<br>New Orleans, Louisiana 70139-7708<br>Telephone: (504) 528-3001<br>Facsimile: (504) 528-3030<br>Email:   ajy@jyplawfirm.com<br>         cmg@jyplawfirm.com<br>Attorneys for defendants, *Elmer Smith and OOIDA Risk Retention Group, Inc.* |

449-14116-320

# 34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

## STATE OF LOUISIANA

No.: 21-1647                                                                    DIVISION "A"

### DAWN HYVER AND LAUREN HEZEAU

### VERSUS

### OOIDA RISK RETENTION GROUP, INC., KAREN DARGANS D/B/A DICE TRANSPORTATION AND ELMER SMITH, III

FILED: __FEB 1 5 2022__                              /S/ SHELBY A. ADAMS
                                                                    _____
                                                                    DEPUTY CLERK

### JURY ORDER

Upon consideration of the foregoing request for a jury trial;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the above-captioned and numbered cause be tried by jury on all issues. Defendants, Elmer Smith and OOIDA Risk Retention Group, Inc., in accordance with LSA-C.C.P. Article 1734.1 shall, in lieu of bond required in LSA-C.C.P. Art. 1734, deposit for jury costs the amount of $_____ per day, which said deposit shall be posted on or before _____.

Chalmette, Louisiana, this _____ day of _____, 2022.

_____
JUDGE – 34TH JUDICIAL DISTRICT COURT

# 34TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

## STATE OF LOUISIANA

NO: **21-1647**　　　　　　　　　　　　　　　　　　　DIVISION " **A** "

### DAWN HYVER AND LAUREN HEZEAU

### VERSUS

### OOIDA RISK RETENTION GROUP, INC., ET AL

FILED: __FEB 15 2022__　　　　　　　　　　　　__/S/ Shelby Adams__
　　　　　　　　　　　　　　　　　　　　　　　　DEPUTY CLERK
　　　　　　　　　　　　　　　　　　　　/S/ SHELBY ADAMS

## JURY ORDER

Considering the request for a jury trial filed herein:

**IT IS ORDERED** that this matter shall be tried by a jury, subject to compliance with the requirements and in accordance with La. R.S. 13:3049(B) and La. C.C.P. Article 1734.1, requiring cash deposits in lieu of bond to defray the additional costs of a jury trial;

1. The party seeking the trial by jury shall make a cash deposit for jury costs, in lieu of a jury bond, in an amount of **Two Thousand ($2,000.00) and no/100 Dollars** for the first day and **Four Hundred ($400.00) and no/100 Dollars** per day for each additional day. The deposit shall be made sixty (60) days prior to the commencement of the jury trial.

2. Payment of jury fees contemporaneously with the jurors' performance of their jury service is essential to the proper administration of justice. Accordingly, a party requesting trial by jury shall deposit with the Clerk of Court, no later than one hour before the date set for trial, the following sums to be used for the payment of jury fees: $2,000.00 for the first day of trial and $400.00 for each additional day of the trial.

3. In the event the party requesting the jury trial fails to make the deposit for jury costs, such failure shall entitle any other party to this litigation to request a jury trial within ten (10) days after the date on which the deposit for jury costs were due by the party initially requesting the jury trial, by compliance with the requirements of law and this order in timely making the required deposits to pay the additional costs of a jury trial.

4. The failure of the party initially requesting the jury trial or any other party to timely post the required deposits shall result in a waiver of the right to a trial by jury and no jurors may be summoned for service as jurors in this trial.

5. On the date on which the jury trial is commenced and during the course of the trial, the Court shall require the cash deposit of additional sums to pay expenses and costs in excess of the cash deposit provided for herein.

6. The Court may require an additional amount to be filed during the trial if the deposits are insufficient to pay jury costs.

This Order is entered at Chalmette, Louisiana, on this __16__ day of __February__, 2022.

　　　　　　　　　　　　　　　__DISTRICT JUDGE__
　　　　　　　　　　　　　　　__William M. McGoey__

Requested by:
ALAN YACOUBIAN
ATTORNEY FOR OOIDA RISK RETENTION GROUP
(504)528-3001

**A TRUE COPY**
Randy S. Nunez
CLERK OF COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA
By __/s/ Shelby Adams__
DEPUTY CLERK

## 34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

### STATE OF LOUISIANA

NO. 2021-01647                                                                 DIVISION "A"

### DAWN HYVER AND LAUREN HEZEAU

### VERSUS

### OOIDA RISK RETENTION GROUP, INC., KAREN DARGANS D/B/A DICE TRANSPORTATION AND ELMER SMITH, III

FILED: _____     _____
                                                              DEPUTY CLERK

### MOTION TO SET STATUS CONFERENCE

ON MOTION of Lillie E. Joyce, Attorney for Plaintiffs, DAWN HYVER and LAUREN HEZEAU, on certifying to the court that an examination of this record shows that issues have been joined between original Petitioners and original defendants, and with all interveners, and between all third party Petitioners and defendants.

Further, Attorney for Petitioners suggest to this Honorable Court that a status conference be set with designees to set cut off dates, resolve discovery issues between all parties, with authority to resolve, discuss the possibility of settlement and to pick a trial date and pre-trial date.

Respectfully submitted:

_____
LILLIE E. JOYCE (#33916)
WARREN A. FORSTALL, JR. (#5717)
320 N. Carrollton Ave., Suite 200
New Orleans, Louisiana 70119
Telephone No: (504) 483-3400
Fax No.:           (504) 483-3447
Email:             ljoyce@chipforstall.com
Attorneys for Petitioner, Dawn Hyver and Lauren Hezeau

CERTIFICATE OF SERVICE
I do hereby certify that a copy of the foregoing Motion has been served upon all known counsel of record by depositing same in the United States mail, certified postage, prepaid, by facsimile, or by email, on this __3rd__ day of __May__, 2022.

_____
LILLIE E. JOYCE

## 34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

### STATE OF LOUISIANA

**NO. 2021-01647**  **DIVISION "A"**

### DAWN HYVER AND LAUREN HEZEAU

### VERSUS

### OOIDA RISK RETENTION GROUP, INC., KAREN DARGANS D/B/A DICE TRANSPORTATION AND ELMER SMITH, III

**FILED:** _____     _____
**DEPUTY CLERK**

### ORDER

CONSIDERING the above and foregoing Motion:

**IT IS HEREBY ORDERED** that the Motion To Set Status Conference be held on the _____ day of _____, 2022 at _____ o'clock am/pm via _____.

**CHALMETTE, LOUISIANA,** this _____ day of _____, 2022.

_____
JUDGE

### PLEASE SERVE:

1. Ooida Risk Retention Group, Inc., Karen Dargans d/b/a Dice Transportation, and Elmer Smith, III
   Through their attorney of record:
   Mr. Christopher G'sell
   Johnson, Yacoubian & Paysse
   701 Poydras St., Suite 4700
   New Orleans, LA 70139

2. Dawn Hyver and Lauren Hezeau
   Through their attorney of the record:
   Ms. Lillie E. Joyce
   Law Offices of Warren A. Forstall, Jr.
   320 N. Carrollton Avenue, Suite 200
   New Orleans, LA 70119

## 34th JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. BERNARD

### STATE OF LOUISIANA

NO. 2021-01647                                                                                    DIVISION "A"

### DAWN HYVER AND LAUREN HEZEAU

### VERSUS

### OOIDA RISK RETENTION GROUP, INC.,
### KAREN DARGANS D/B/A DICE TRANSPORTATION
### AND ELMER SMITH, III

FILED: ~~MAY 0 5 2022~~                                            /S/ SHELBY A. ADAMS
                                                                              **DEPUTY CLERK**

### ORDER

CONSIDERING the above and foregoing Motion:

IT IS HEREBY ORDERED that the Motion To Set Status Conference be held on the 22 day of JUNE, 2022 at 9:30 o'clock am/pm via in person.

CHALMETTE, LOUISIANA, this 6 day of May, 2022.

/S/William M. McGoey
_____
JUDGE

A TRUE COPY
Randy S. Nunez
CLERK OF COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA
By_____
DEPUTY CLERK

**PLEASE SERVE:**

1. Ooida Risk Retention Group, Inc., Karen Dargans d/b/a Dice Transportation, and Elmer Smith, III
   Through their attorney of record:
   Mr. Christopher G'sell
   Johnson, Yacoubian & Paysse
   701 Poydras St., Suite 4700
   New Orleans, LA 70139

2. Dawn Hyver and Lauren Hezeau
   Through their attorney of the record:
   Ms. Lillie E. Joyce
   Law Offices of Warren A. Forstall, Jr.
   320 N. Carrollton Avenue, Suite 200
   New Orleans, LA 70119

**THIRTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA**

NO. 21-1647

DIVISION "A"

**DAWN HYVER AND LAUREN HEZEAU**

**VERSUS**

**OOIDA RISK RETENTION GROUP, INC., KAREN DARGANS D/B/A DICE TRANSPORTATION AND ELMER SMITH, III**

FILED: JUN 22 2022

_____
DEPUTY CLERK

*********************************************************************
## CASE MANAGEMENT ORDER
*********************************************************************

In connection with the telephone status conference held on June 22, 2022 in the above-captioned matter, the Court issues the following order:

**IT IS ORDERED THAT:**

(A) A telephone pre-trial conference is set for the 25th day of August, 2022 at 9:00 a.m. to pick a civil jury trial date. Counsel for plaintiff will have all parties on the telephone and call the Judge's chambers at 504-278-4414.

(B) The discovery cutoff date shall be December 31, 2022.

It is the responsibility of the parties to comply with the foregoing order. Continuances will not be granted because of failure to comply with or enforce same, therefore, the parties should monitor compliance. The Court will issue appropriate orders and/or sanctions for violations of this Order upon timely disclosure of any failure to comply.

Chalmette, Louisiana, this 22nd day of June, 2022.

_____
William M. McGoey, Judge ~ Division "A"

**PLEASE SERVE ALL PARTIES**

A TRUE COPY
Randy S. Nunez
CLERK OF COURT
PARISH OF ST. BERNARD
STATE OF LOUISIANA
By_____
DEPUTY CLERK